(No. 3762—)

Dorothy Jensen, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 12, 1943.*

Laurence B. Jacobs, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Chief Justice Damron delivered the opinion of the court:

Claimant seeks an award in the sum of Two Hundred ($200.00) Dollars for damages to her automobile and One Thousand ($1,000.00) Dollars for personal injuries received by her on the 6th day of May, 1942, alleged to be the result of negligence on the part of the State of Illinois through its employees, agents or officers.

Claimant alleges that on said date while driving her automobile with due diligence and care for her own safety in Chicago, along and upon the State Highway at 95th Street near the intersection of Melvina Avenue the roadway caved in, causing her car to overturn. The claimant sustained a broken arm and damage to her automobile as aforesaid.

This claim is predicated on the assumption that the State, in the exercise of a governmental function, is liable for injuries to persons resulting from the negligence of its officers, agents or employees.

As this complaint is drawn it would be insufficient, if the State were suable, for the reason that it fails to allege that the State or its employees had actual notice of the alleged defect in the pavement or that it had existed for such a length of time that the State was presumed to have notice of such defect.

It has been repeatedly held, by this court, that the State is not liable for injuries to persons or property resulting from

the negligence of its employees. *Kramer* vs. *State,* 8 C. C. R., 31; *Johnston* vs. *State,* 9 C. C. R., 381; *Finney* vs. *State,* 9 C. C. R., 327; *Moffett* vs. *State,* 10 C. C. R., 54; *Dugar* vs. *State,* No. 3549, opinion rendered February 14, 1941.

And the fact that the negligence is gross or wanton does not change the rule. *Stanley* vs. *State,* 10 C. C. R., 146; *Garbutt* vs. *State,* 10 C. C. R., 37; *Dugar* vs. *State,* supra.

The Court of Claims has jurisdiction to recommend an award only where the State would be liable in law or in equity in a court of general jurisdiction if it were suable. *Crabtree* vs. *State,* 7 C. C. R., 207; *Helen Turner et al* vs. *State,* No. 3633.

The Attorney General having filed a motion to dismiss the complaint, this court after full consideration of the complaint and the authorities must sustain the motion.

Motion sustained. Complaint dismissed.